```
 1  Bertrand LeBlanc II, No. 071617
    CARROLL, BURDICK & McDONOUGH LLP
 2  Attorneys at Law
    44 Montgomery Street, Suite 400
 3  San Francisco, CA  94104
    Telephone:   415.989.5900
 4  Facsimile:   415.989.0932
    Email:       randyl@cbmlaw.com
 5
    Attorneys for Defendants
 6  LG ELECTRONICS U.S.A., INC. and SEARS,
    ROEBUCK AND CO.
 7
```

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  OAKLAND DIVISION

| | |
|---|---|
| 12  MID-CENTURY INSURANCE COMPANY, | No. C08-02761 WDB ADR |
| 13                Plaintiff, | **ANSWER OF LG ELECTRONICS U.S.A., INC. TO COMPLAINT** |
| 14         v. | Complaint Filed:  April 22, 2008 |
| 15  LG ELECTRONICS U.S.A., INC.; SEARS, ROEBUCK AND CO.; and DOES 1 | Complaint Served: May 5, 2008 |
| 16  through 10, inclusive, | |
| 17                Defendants. | |

19     COMES NOW defendant LG ELECTRONICS U.S.A., INC. and in answer to

20  Plaintiff's Complaint, denies each and every, all and singular, generally and specifically,

21  the allegations contained in said Complaint.

22     AS AND FOR A FIRST SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

23  Complaint on file herein, and to each cause of action thereof, this answering defendant

24  alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of

25  action against this answering defendant.

26     AS AND FOR A SECOND SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

27  Complaint on file herein, and to each cause of action thereof, this answering defendant

28  alleges that Plaintiff and/or its insureds were one hundred percent (100%) at fault and

culpable in and about the matters set forth in said Complaint and entirely and solely failed to exercise ordinary care, and that such failure on its/their part proximately contributed to and was the sole proximate cause of all the loss and damages complained of by Plaintiff, if any there were.

AS AND FOR A THIRD SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that the damages allegedly sustained by Plaintiff Mid-Century Insurance Co. were either wholly or in part caused by the negligence or other fault of persons, firms, corporations or entities other than this answering defendant, and that said negligence or fault on the part of others proximately and concurrently contributed to the loss and damage complained of by Plaintiff, if any there were.

AS AND FOR A FOURTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that Plaintiff has failed to mitigate or minimize its damages as required by law.

AS AND FOR A FIFTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that the product which allegedly caused damages was altered, changed, or otherwise modified by parties, individuals, or entities other than this answering defendant, and said modifications, changes or alterations were a proximate cause of the damages alleged by Plaintiff, if any there were.

AS AND FOR A SIXTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that prior to and at the time of the alleged damages, the product which allegedly caused damages was misused and abused, and was not being used in the manner in which it was intended to be used. Such misuse and abuse caused and contributed to the damages complained of by Plaintiff, if any there were.

AS AND FOR A SEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant

alleges that this answering Defendant is informed and believes that any defect which Plaintiff alleges contributed to Plaintiff's loss or damage was not present at the time the product or products left the possession, custody or control of this answering Defendant but rather arose, and were brought about subsequent thereto.

AS AND FOR AN EIGHTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that The State of California's judicially created definitions of "manufacturing defects" and "design defects" are unconstitutional in that, among other things, they are void for vagueness and place an undue burden upon interstate commerce as well as constitute an impermissible effort to regulate in an area that has previously been preempted by the federal government.

AS AND FOR A NINTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that the state of the scientific and industrial knowledge and practices was at all material times such that this answering Defendant neither breached any alleged duty owed to Plaintiff, nor knew, or could have known, that the product(s) it allegedly distributed presented a foreseeable risk of harm to the Plaintiff in the normal and expected use of such a product. Any products, substances, or equipment manufactured, formulated, sold, or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formation, or distribution.

AS AND FOR A TENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that, if a washing machine designed, manufactured, assembled, distributed, sold or otherwise placed into the stream of commerce by it was involved in the incident described in the Complaint as alleged, then answering defendant supplied a written limited warranty with the product terms and conditions of which speak for themselves.

AS AND FOR AN ELEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that, if a washing machine designed, manufactured, assembled, distributed, sold or otherwise placed into the stream of commerce by it was involved in the incident described in the Complaint as alleged, then answering defendant did not breach any warranty (express or implied) it provided with the product.

AS AND FOR A TWELFTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges upon information and belief that there were no warranties, express or implied, in existence at the time of the subject incident.

AS AND FOR A THIRTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that Plaintiff's failure to perform its duties and obligations under any warranty running from Defendant to Plaintiff caused any such warranty to be null and void prior to the subject incident.

AS AND FOR A FOURTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

PRAYER

WHEREFORE, this answering defendant prays for judgment and relief as follows:

1. That Plaintiff takes nothing by way of its Complaint;
2. That this answering defendant be dismissed with costs of suit incurred herein; and

3. For such other and further relief as the Court may deem proper and equitable.

Dated: June 13, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendants
LG ELECTRONICS U.S.A., INC. and SEARS, ROEBUCK AND CO.

*Mid-Century Insurance Company v. LG Electronics U.S.A., Inc. et al.*
U.S.D.C., Northern District of California, Action No. C 08-0261 WDB

### PROOF OF SERVICE

I declare that I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 44 Montgomery Street, Suite 400, San Francisco, California 94104. On June 13, 2008, I served the enclosed:

### ANSWER OF LG ELECTRONICS U.S.A., INC. TO COMPLAINT

on the following interested party(s) in said cause.

| | |
|---|---|
| Kenneth W. Turner, Esq.<br>LAW OFFICES OF<br>KENNETH W. TURNER<br>2057 Forest Avenue, Suite 3<br>Chico, CA  95928<br>Tel: (530) 898-0774<br>Fax: (530) 898-0775 | *Attorney for Plaintiff Mid-Century Insurance Company* |

**VIA EMAIL OR ELECTRONIC TRANSMISSION – FRCP RULE 5(b)(2)(D)**

[x]  By transmitting via email the correspondence/document(s) listed above during the ordinary course of business on this date. The email transmission(s) was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 13, 2008 at San Francisco, California.

*/s/ Kelli R. Bremer*
Kelli R. Bremer

CBM-SF\SF408350.1